**WO**                                                                                              BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Viet Kieu Hung, ) | No. CV 06-0924-PHX-SMM (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Joseph Arpaio, ) | |
| Defendant. ) | |

In this civil rights action brought by a *pro se* inmate, Defendant moved to dismiss (Doc. #6) for lack of exhaustion. Plaintiff responded (Doc. #8) and Defendant replied (Doc. #10). After careful review of these pleadings and the record, the Court will grant Defendant's motion.

**I. Background**

Plaintiff filed a 42 U.S.C. § 1983 action alleging that Defendant Joseph Arpaio violated his constitutional rights by (1) an inadequate and tainted diet, (2) overcrowding, and (3) unsanitary conditions (Doc. #1). Defendant Arpaio was ordered to answer the Complaint, and subsequently filed a Motion to Dismiss (Docs. ##3, 6). Defendant argued that Plaintiff failed to file any grievances or external appeals prior to filing the instant action (Doc. #6). Attached to the motion were (1) the Maricopa County Inmate Grievance Procedures, and (2) an affidavit of Sergeant Zelean Tademy, Hearing Office for inmate discipline and grievances (Id., Exs. 1-2).

Plaintiff responded that he submitted a grievance to a detention officer on January 25, 2006, and was transferred to the custody of the Arizona Department of Corrections (ADOC)

a week later, before he could exhaust his remedies (Doc. #8). Attached to his response was an inmate grievance form dated January 25, 2006 regarding diet (Id., ex. 1). Defendant replied that Plaintiff was not transferred to ADOC until February 21, 2006, three and a half weeks after he filed his grievance (Doc. #10). Thus, Plaintiff could have pursued his grievance to the shift supervisor, and failed to do so (Id.). Attached to the reply was Tademy's affidavit (Id., Ex. 1).

## II. Legal Standard

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Woodford v. Ngo, 126 S.Ct. 2378, 2384 (2006).

Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim without prejudice." Wyatt, 315 F.3d at 1120.

## III. Analysis

An inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. An inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer.

1  If the detention officer is unable to resolve the grievance within four calendar days, he will
2  inform the inmate that the form will be forwarded to a shift supervisor.  If the inmate does
3  not get a response from the detention officer within four days of submitting it, he may submit
4  a form directly to the shift supervisor.  If the shift supervisor is unable to resolve the
5  grievance, the inmate will sign the form, and it will be forwarded to the hearing officer.  If
6  the inmate has not received a written response to his grievance within four days of having
7  submitted it to the shift supervisor, he may submit a form directly to the hearing officer.  If
8  the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision
9  to the jail commander, whose decision may be appealed to an External Referee.  The External
10 Referee's decision is final (Doc. #6, ex. 1).

11 Tademy attested that (1) the grievance policies do not limit what a Plaintiff may
12 grieve; (2) Plaintiff filed no grievances or external appeals prior to filing the instant action;
13 and (3) Plaintiff was transferred to ADOC custody on February 21, 2006 (Docs. #6, ex. 2 at
14 ¶¶4-5; #10, ex. 1 at ¶¶3,6).  Plaintiff, however, introduced a grievance he filed on January
15 25, 2006, complaining about his diet (Doc. #8, ex. 1).  Plaintiff received a response from the
16 detention officer later that same day (Id.).  There is no indication as to whether the grievance
17 had been resolved or forwarded to the shift supervisor (Id.).

18 Defendant demonstrated the existence of a grievance procedure, to which Plaintiff
19 failed to fully avail himself.  Plaintiff submitted a single grievance on January 25, 2006,
20 complaining about diet (Doc. #8, Ex. 1).  Plaintiff received a response on the same day, but
21 failed to pursue his grievance to the shift commander, although he had almost a month to do
22 so.  (Doc. #10, Ex. 1 at ¶¶5-7).  Based on the record, although the grievance procedures do
23 not provide for the ability to pursue a grievance once an inmate is no longer in Maricopa
24 County custody, Plaintiff was in custody long enough to submit his grievance to the shift
25 commander and to the Hearing Officer. (Id.) Further, Plaintiff's own evidence demonstrates
26 that he was aware of the procedures (Doc. #8), and his allegation in his Complaint that his
27 claims were non-grievable does not support a conclusion that Plaintiff was "reliably
28

1  informed" that there were no available remedies.  See Brown v. Valoff, 422 F.3d 926, 934-35
2  (9th Cir. 2005).  Defendant's Motion to Dismiss will be granted.
3      **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #6) is **granted**.
4  Plaintiff's action is dismissed without prejudice for lack of exhaustion.  The Clerk of Court
5  shall enter a judgment of dismissal accordingly.
6      DATED this 19th day of October, 2006.

Stephen M. McNamee
United States District Judge